INSURANCE CO. OF NORTH AMERICA, APPELLANT, *v.* FIRST NATIONAL BANK OF CINCINNATI, TRUSTEE, ET AL., APPELLEES.

(No. C-800783—Decided October 21, 1981.)

*Messrs. Graydon, Head & Ritchey* and *Mr. Stephen L. Black,* for appellant.
*Messrs. Taft, Stettinius & Hollister* and *Mr. Richard S. Roberts,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

On June 9, 1978, plaintiff-appellant, Insurance Company of North America, recovered a judgment against defendants Allen W. O'Connell and O'Connell Electric Company. Garnishment proceedings against the defendants resulted in a partial satisfaction of the outstanding judgment. The defendants had no further property in their names to apply to the satisfaction of the judgment.

On August 27, 1979, plaintiff Insurance Company of North America filed an action in the nature of a creditor's bill to reach property title to which was held by defendant-appellee First National Bank of Cincinnati, Trustee, under an agreement with defendant (settlor/beneficiary) Allen W. O'Connell. This action was instituted by plaintiff in order to satisfy its judgment against O'Connell and O'Connell Electric. Also named as a defendant in this action was appellee First National Bank of Cincinnati in its capacity of purported mortgagee of whatever interest Allen W. O'Connell had under the trust.

The trial court entered judgment on September 25, 1980. The decree ordered foreclosure and sale of the property in question to satisfy plaintiff's judgment, subject to the mortgage held by First National Bank of Cincinnati. It is from this judgment that the instant appeal is taken.

Plaintiff brings three assignments of error before this court:

"First Assignment of Error

"The trial court erred in failing to find that plaintiff's valid lien on the subject property is superior to any interest of defendant First National Bank of Cincinnati.

"Second Assignment of Error

"The trial court erred in failing to find that the First National Bank, Trustee, holds both legal and equitable title to the subject property.

"Third Assignment of Error

"The trial court erred in allowing plaintiff interest upon its judgment at the rate of only six percent per annum after the effective date of the amendment of Ohio Revised Code 1343.03."

Defendant O'Connell entered into the revocable inter-vivos trust in question with the First National Bank of Cincinnati as trustee by agreement dated February 1, 1968. The agreement provides for payment of all of the trust income to O'Connell during his lifetime. Paragraph 15 of the trust agreement gives O'Connell the power to revoke the trust, in whole or in part.

The trust corpus consists of certain parcels of real estate in Silverton, Ohio. This real estate is the subject of an amendment to the trust dated December 29, 1972. This amendment states, in part, that the "[t]rustee shall have no duties in regard to said real estate except to convey it at Grantor's request."

To convey title to the trustee as a matter of record, O'Connell executed a general warranty deed dated December 29, 1972 and recorded February 13, 1973. By this deed, O'Connell conveyed the real estate in question to "The First National Bank of Cincinnati, Trustee." The terms of the conveyance provided that O'Connell conveyed "all the estate, title and interest of the said Allen W. O'Connell either in law or equity, of, in and to the said premises."

Subsequent to this conveyance and prior to the plaintiff's action in the nature of a creditor's bill, O'Connell executed and delivered a mortgage on the parcels of real estate making up the trust corpus to the First National Bank of Cincinnati. This was delivered to the bank in its capacity as a financial institution, not as trustee under the O'Connell trust. It is this interest which the trial court found to be superior to the interest of the plaintiff.

We find the disposition of the initial assignment of error to be dependent upon the disposition of the second assignment of error. We will therefore address the second assignment first.

Some Ohio decisions have addressed the question of what quantum of title is conveyed by a general warranty deed.

"In a warranty deed, such as the one now before us for construction, which contains the usual words of warranty and alienation of title of grantors, the law presumes that all of the grantor's title and interest in the real estate described in said instrument passes to the grantee, unless by some plain language used

therein the contrary is shown." *Larwill* v. *Farrelly* (1918), 8 Ohio App. 356, 359.

In *Oberholtz* v. *Oberholtz* (1947), 79 Ohio App. 540 [35 O.O. 381], the owner of a parcel of real estate executed a land contract and began receiving payments from the vendees while retaining legal title. Subsequently, the owner executed a general warranty deed to two of his children as grantees for the same real estate. This deed was delivered to the grantor's attorney. The attorney was to deliver the deed to the grantor's children at the death of the grantor. Upon the death of the grantor, the question arose as to what rights the grantees actually had in the real estate. The court held that, in the absence of evidence to the contrary, the general warranty deed served to transfer all of the grantor's interest in the real estate, *both legal and beneficial,* to the grantees. This interest was held to encompass the right to receive the purchase money due and owing under the land contract.

It is true that in the case *sub judice,* the transfer was made pursuant to a trust agreement. Nevertheless, the deed itself contains no indication that the grantor, O'Connell, has not conveyed all his interest in the subject property to the grantee, the First National Bank of Cincinnati. Use of the word "Trustee" following the grantee's name, by itself, is not evidence that the grantor here has failed to convey all the interest the deed otherwise purports to convey, *viz.,* all the estate, title and interest in law and equity. Standing alone, this designation does not operate to create a trust between O'Connell and the First National Bank of Cincinnati as against a third party dealing with the subject property.

" 'While its elements have been variously stated to constitute an express trust there must be an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created, accompanied with an intention to create a trust, followed by an actual conveyance or transfer of lawful, definite property or estate or interest * * *.' " *Ulmer* v. *Fulton* (1935), 129 Ohio St. 323, 339-340 [2 O.O. 326].

Standing alone, this designation does not put any person dealing with the land on notice that a trust exists or that there are limitations on the power of the grantee to convey or mortgage such land. R.C. 5301.03.

Accordingly, we find the second assignment of error to be well taken. We hold that the First National Bank of Cincinnati, Trustee, holds both legal and equitable title to the subject property.

Having thus determined that the legal and equitable titles to the subject property lie with the First National Bank of Cincinnati, Trustee, it necessarily follows that the subsequent mortgage on this property given by O'Connell to the First National Bank of Cincinnati, financial institution, is a nullity and is of no legal consequence.

"The main argument urged against it is founded upon the maxim, that 'a person cannot grant a thing which he has not:' *ille non habet, non dat;* and many authorities are referred to at law to prove the proposition, and many more might have been added from cases in equity, for equity no more than law can deny it. The thing itself is an impossibility. It may, at once, therefore, be admitted, whenever a party undertakes, by deed or mortgage, to grant property, real or personal, in presenti, which does not belong to him or has no existence, the deed or mortgage, as the case may be, is inoperative and void, and this either in a court of law or equity." *Pennock* v. *Coe* (1859), 64 U.S. 117, 127-128.

Since this mortgage is inoperative, it cannot be said that an interest acquired in the subject property through the mortgage is superior to any interest the plaintiff has in the subject property through its creditor's bill. In so holding otherwise, the court below was in error.

We also find plaintiff's third assign-

ment of error to be well taken. In the judgment entry of the court below the sheriff, upon sale of the subject property, was ordered to pay plaintiff "the sum of $15,027.90, plus interest on the net principal sum of $12,877.50 at the rate of six percent per annum from September 25, 1980."

R.C. 1343.03, as amended effective July 30, 1980, provides that interest is to be computed at eight per cent per annum where appropriate. The case *sub judice* is such a case. In so holding otherwise the court below was in error.

All assignments of error having been ruled upon it is the judgment of this court that the judgment appealed from be reversed and the case remanded for further proceedings in accordance herewith.

*Judgment reversed and case remanded.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.