SMITH ET AL., APPELLANTS, *v.* BLACKBURN, APPELLEE.

(No. 1603 — Decided
January 29, 1987.)

*Thurl Kevin Blume,* for appellants.
*David Huddleston,* for appellee.

GREY, J. This case raises an issue of statutory interpretation of R.C. 5313.07. This section, simply put, says that when the vendee of a land contract has paid twenty percent of the purchase price, the vendor's remedy for default lies in foreclosure and not in forfeiture. The issue in this case is how is that twenty-percent figure to be calculated.

On November 1, 1983, Doris Blackburn, the vendee, entered into a land installment contract with the Smiths, the vendors. On March 12, 1985, after several late payments by Blackburn, the Smiths served a notice on her pursuant to R.C. 5313.05 that the contract would be forfeited unless the entire sum due under the contract was paid within thirty days. The Smiths filed a forfeiture action on April 25, 1985, seeking a writ of restitution ordering Blackburn's removal from the premises, an order granting judgment against her for the reasonable rental value of the premises, and an order holding the land contract to be forfeited.

The land contract was executed on a printed form which did not contain the words "purchase price," but Blackburn agreed to pay $20,000, with $2,000 down and $204.85 per month at nine percent interest for twelve years. At the time of trial, it was stipulated that Blackburn had made the following payments: a down payment of $2,000; twenty-three monthly payments of $204.85 ($4,711.55 total) as per the contract to cover principal and interest; insurance premiums for two years of $320; and real estate taxes for 1984 and part of 1983 in the amount of $571.61.

The trial court, in determining whether the Smiths' action for forfeiture was properly brought under R.C. 5313.07, added together all the amounts paid by Blackburn, which totaled $7,603.16. The court ruled that since this amount was in excess of twenty percent of the purchase price, the Smiths had to bring an action in foreclosure and judicial sale under R.C. 2323.07. It is from this ruling that the Smiths' appeal, asserting three interrelated assignments of error:

"1. The trial court erred in overruling plaintiffs' motion for a new trial.

"2. The judgment of the trial court is manifestly against the weight of the evidence, and plaintiffs are entitled to a judgment as a matter of law upon the complaint.

"3. The trial court erred in interpreting R.C. 5313.07."

All three assignments of error turn on the interpretation of R.C. 5313.07, which provides, in pertinent part:

"If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty percent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the

foreclosed property as provided in section 2323.07 of the Revised Code. * * *"

Blackburn asserts that she has paid $6,711.55 — the cash down payment of $2,000, plus monthly payments totaling $4,711.55 — which is in excess of twenty percent of $20,000, or $4,000. It must be stressed, however, that each monthly payment was to be applied, under the terms of the contract, to *both* the principal amount *and* interest on the purchase price. The installment contract unambiguously describes the apportionment of each monthly payment to principal and interest. The new principal amount is calculated at the end of each month and interest on that amount is to be deducted from that month's payment. Whatever remains of the monthly payment is applied to reduce the principal amount.

For example, the first monthly payment of $204.85 was applied as follows: interest computed at nine percent on $18,000 equaled $135 for the month of December; the remaining $69.85 reduced the principal to $17,930.15. In January 1984, the procedure was repeated, and so on for a total of twenty-three months. Thus, at the time of trial defendant had paid a total of $3,746.30 (including the $2,000 down payment) toward the principal leaving a balance of $16,253.70 on the purchase price. Total interest paid was $2,965.25.

The question is whether the statute contemplates interest payments being included in the "total sum" paid toward the purchase price. R.C. 5313.07 is clear and unambiguous on its face. The intent of the legislature must be readily determined from the language of the statute itself. "* * * The province of construction is to arrive at the true sense of the language of the act, not to supply language to help out a conjectured intent not to be gathered from the words used. * * *" *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621, 628, 64 N.E. 574, 576.

Since the term "purchase price" is not defined in R.C. Chapter 5313, its meaning may be expressly determined by the parties to the contract or by implication, *i.e.,* using the word's ordinary meaning. It is apparent from the agreement, the actions, and the briefs of both parties that the purchase price was $20,000. This figure is the basis for all other payments: the ten-percent down payment, the monthly payments on the remaining $18,000, the insurance on the property and the real estate taxes and assessments. It was this figure which the parties agreed to as the value of the premises in paragraph one, page two, of the land installment contract.

Thus, with $20,000 being the "purchase price" pursuant to R.C. 5313.07, the amounts paid toward it are to be determined in accordance with the terms of the contract. Under the agreement only a portion of each payment is to be applied toward the principal amount of the "loan," the balance of the purchase price. Under Blackburn's formulation, "purchase price," would include all payments, interest as well as principal. We reject this formulation. The interest was agreed to, but, as *interest* on the remaining balance of $18,000, not as a part of the purchase price. This distinction must be made in order to give the statute the remedial effect intended by the legislature.

To summarize, the trial court erred in interpreting R.C. 5313.07, and its judgment that payments in excess of twenty percent of the purchase price had been made was manifestly against the weight of the evidence. With only $3,746.30 having been paid toward the purchase price, the trial court erred in overruling the Smiths' motion for a new trial.

Appellants' assignments of error are sustained.

The judgment of the Portsmouth Municipal Court is reversed and the

cause is remanded to that court with instructions to calculate twenty percent of the purchase price in accordance with this opinion. This court is aware that additional payments may have been made by the vendee during the pendency of this appeal and that these payments may have increased the total amount paid by the vendee to a sum that is in excess of twenty percent of the purchase price. In light of that possibility, and inasmuch as appellants elected to proceed with this appeal rather than proceed in foreclosure, we direct the Portsmouth Municipal Court on remand to include in its calculations all payments made by the vendee during the pendency of this action.

*Judgment reversed
and cause remanded.*

ABELE, J., concurs.

STEPHENSON, P.J., dissents.

STEPHENSON, P.J., dissenting. I concur in the judgment and opinion with respect to sustaining appellants' assignments of error but dissent from the remand for a determination of payments "made by the vendee during the pendency of this appeal." Pursuant to R.C. 5313.07, the twenty-percent figure should be calculated at the time of the filing of the complaint and any payments after such filing, including those pending appeal, should not act to preclude the statutory remedy of forfeiture, if appellants were entitled to such remedy as of the filing of the complaint. To hold that such payments should be included in the twenty-percent calculation so as to preclude the statutory remedy of forfeiture would render R.C. 5313.07 nugatory.

I would reverse and enter judgment for appellants as a matter of law.