JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Deeb Elkadi and Nafey Elkadi (sellers), appeal the trial court's adoption, over their objections, of the magistrate's decision regarding the sale of property. For the reasons that follow, the judgment of the trial court is affirmed but the case is remanded for a determination of interest.
{¶ 2} The property at issue in this case is located at 6410 Theota Avenue, Parma, Ohio. On November 5, 1984, sellers entered into a written land contract for the sale of the property to their son, defendant, Dean Elkadi. The sale price of the property, as listed in the contract, was twenty-five thousand dollars ($25,000). Before the land contract was signed, however, testimony confirms that sellers and Dean orally agreed in 1982 that he would pay them rent of $200 per month for a period of two years towards a total purchase price of $30,000 for the property. Evidence confirms that Dean and plaintiff-appellee, Veronica Lindhorst, lived together at the property for the two-year period and that she contributed to the monthly payment of $200. Between November 1982 and November 1984, sellers received a total of $4,800 in rent payments from their son and appellee.
{¶ 3} In November 1984, Dean Elkadi signed a land contract with sellers. In this contract, the original purchase price of $30,000 was reduced to $25,000 as reflected on the face of the contract. No one disputes that appellee was not a party to the November 1984 contract.
{¶ 4} Per the contract, Dean agreed to maintain insurance and to pay taxes on the property and to make one hundred twenty-three monthly installments of $200 beginning November 1, 1984. Dean and appellee, Veronica Lindhorst, were married in May 1985. Between November 1984 and April 30, 1989, she lived at the property and contributed to the monthly payments. In breach of the contract, Dean stopped payments after April 30, 1989. By that time, sellers had received $9,700 in rent payments from Dean and appellee, leaving a $15,500 balance due on the contract.
{¶ 5} At the hearing, sellers maintained they always paid the insurance and taxes on the property. They did not introduce any evidence, however, to support the actual amount of either of these claims. Further, even though appellee was not a party to the land contract, Dean testified that the contract was modified to include her as a vendee on the property. The evidence shows that, in August 1989, the contract was re-recorded with appellee's name and signature. The document included the notation "re-recorded to correct a previous error of omission of vendee." Dean testified that appellee was intended to be part of the contract and the contract's re-recording in 1989 was meant to reflect that fact.
{¶ 6} Dean and appellee were divorced in April 1993. During the divorce proceedings, appellee was awarded $28,500 as her share of equity in the property. Dean lived at the property, sellers maintain, without paying any rent for twelve years.
{¶ 7} In December 1998, appellee filed a two-count complaint asking the trial court to quiet title in the property against sellers. She also requested property foreclosure based upon the judgment lien she obtained against Dean in their divorce action. In response, sellers filed a counterclaim requesting termination of the land contract because Dean had defaulted in May 1989, the month after they received their last rent payment. They also sought recovery against Dean for the rental value of the property since April 30, 1989.
{¶ 8} The matter was referred to and tried by a magistrate. Trial was held on May 4, 2001 with the magistrate rendering his decision on May 24, 2001. Sellers timely filed objections to the magistrate's decision, and the trial court subsequently overruled them when the court adopted the decision in its entirety on July 31, 2001.
{¶ 9} In its entry, the trial court made the following findings:
 {¶ 10} (1) Plaintiff is the assignee in a one-half interest of the land contract;
 {¶ 11} (2) Defendant Dean Elkadi, plaintiff's ex-husband and the son of defendants Deeb and Nafey Elkadi, is the holder of the other one-half interest of the land contract;
 {¶ 12} (3) That Dean Elkadi and plaintiff breached the land contract and, as a result, that plaintiff is not entitled to quiet title;
 {¶ 13} (4) That Dean Elkadi and plaintiff have paid over 20% of the contract price and, as a result, Deeb and Nafey Elkadi are not entitled to forfeiture of the land contract;
 {¶ 14} (5) That since the land contract was breached, Deeb and Nafey Elkadi are entitled to foreclose the land contract;
 {¶ 15} (6) That there remains unpaid on the land contract the sum of $15,500.00;
 {¶ 16} (7) And that Deeb and Nafey Elkadi failed to meet their burden of proof as to their claims for rent and real estate taxes.
{¶ 17} Sellers filed the instant appeal, in which they assign seven assignments of error relating to the court's judgment entry.
{¶ 18} I. THE COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT APPELLANTS WERE ONLY ENTITLED TO A SUM OF $15,500.00.
{¶ 19} Sellers argue that the trial court's calculations are incorrect and that, instead of being awarded $15,500 as the balance due on the land contract, they should have received $20,300. We disagree.
{¶ 20} We initially note our standard of review. When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, 1996 Ohio App. LEXIS 1828 at *6. The term "abuse of discretion" means more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. We further note that there must be sufficient evidence in the magistrate's decision from which the trial court can make an independent analysis as to the applicable law in the case before it. Kelley v. Kelley (Sept. 15, 1994), Cuyahoga App. No. 66137, 1994 Ohio App. LEXIS 4062.
{¶ 21} The record before us shows that the parties, in November 1982,
{¶ 22} orally agreed to sell the subject property for $30,000.00 by land contract to Dean Elkadi. Under the terms of this agreement, Dean Elkadi and Lindhorst were to live in the subject property for a period of two years during which time they were to pay rent of $200.00 per month. Once this two year [sic] period had ended, the land contract was to be reduced to writing and the rent that was paid during the two year period applied to the purchase price. Pursuant to this oral agreement, Deeb and Nafey Elkadi were paid $4,800.00 between November of 1982 and November of 1984.
Magistrate's Report.
{¶ 23} Sellers' claimed error ignores that they agreed to apply the $4,800 paid to them between 1982 and 1984 to the purchase price of $30,000. When the sum of $4,800 is added to the $9,700 — the amount of total payments they received between November 1984 and April 1989, an amount which they acknowledge was paid — and that total subtracted from the purchase price of $30,000, the balance remaining on the land contract is exactly what the court determined — $15,500. The trial court did not abuse its discretion in making its determination that sellers are owed $15,500. Sellers' first assignment of error is overruled.
{¶ 24} II. THE COURT COMMITTED PREJUDICIAL ERROR IN NOT AWARDING APPELLANTS THE FAIR RENTAL VALUE OF THE PROPERTY DURING THE EXISTENCE OF THE LAND CONTRACT.
{¶ 25} III. THE COURT COMMITTED PREJUDICIAL ERROR IN NOT AWARDING APPELLANTS REIMBURSEMENT FOR REAL ESTATE TAXES.
{¶ 26} In these related assignments of error, sellers maintain they should have been awarded $28,800 as the fair rental value of the property during the twelve years their son lived there rent free. Sellers also maintain they should have been credited for the taxes they paid on the property between 1984 and 1999.
{¶ 27} On their claim for rent, sellers cite to the case of Freyv. Hibbard (1989), 62 Ohio App.3d 781, 577 N.E.2d 669, for the proposition that a vendor on a land contract can recover the fair rental value of a property if the amount paid is less than that value. Sellers, however, overlook the evidentiary requirement they must meet before any recovery of fair rental value or taxes can be considered by a court. As noted by the court below, sellers
 {¶ 28} presented no credible evidence as to the fair rental value of the property during the existence of the land contract. * * * Further, as discussed above, there was no testimony concerning the amount of the real estate taxes on the property, and no testimony concerning the other expenses related to the property.
Without the requisite evidence, sellers' second and third assignments of error are without merit.
{¶ 29} IV. THE COURT COMMITTED PREJUDICIAL ERROR IN NOT AWARDING INTEREST TO APPELLANTS.
{¶ 30} Sellers argue they are entitled to prejudgment interest from the date Dean stopped making payments on the land contract. We agree.
{¶ 31} In Royal Elec. Constr. Corp. v. Ohio State Univ. (1995),73 Ohio St.3d 110, 652 N.E.2d 687, the Supreme Court of Ohio acknowledged that courts in Ohio have long recognized a common-law right to prejudgment interest pursuant to R.C. 1343.03(A). Id. at 114; InsuranceCo. of North America v. First Nat'l Bank (1981), 3 Ohio App.3d 226;444 N.E.2d 456; See, also, Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, 656, 635 N.E.2d 331. Further, prejudgment interest "acts as compensation and serves ultimately to make the aggrieved party whole." Royal Electric, supra, at 117. Prejudgment interest is to compensate the plaintiff for the period of time between the accrual of the claim and judgment. Id. See Hoskins v. Smith (Nov. 16, 2000), Franklin App. No. 00AP-211, 2000 Ohio App. LEXIS 5303.
{¶ 32} Here, even though sellers raised this claim in their objections to the magistrate's findings, the trial court did not address it in its entry. The failure to address the claim for interest and the failure of the court to award interest under the statute are both error.
{¶ 33} The trial court found that sellers are owed $15,500 on the unpaid balance of the land contract. Thus, an award of prejudgment interest from the time of Dean's last payment on April 30, 1989, up to the date of the court's judgment is proper. Sellers' fourth assignment of error is sustained.
{¶ 34} V. THE COURT COMMITTED PREJUDICIAL ERROR IN ORDERING A FORECLOSURE WHEN APPELLANTS DID NOT SEEK A FORECLOSURE.
{¶ 35} VI. THE COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT APPELLANTS WERE NOT ENTITLED TO CANCELLATION OF THE LAND CONTRACT.
{¶ 36} Because Assignments of Error V and VI are related, they will be addressed together. First, sellers contend that because they did not request foreclosure of the property, the court erred in ordering foreclosure instead of forfeiture. Second, sellers dispute the court's determination that more than twenty per cent had been paid toward the contract price. We find no merit in either of these claims.
{¶ 37} Sellers concede that they are limited to one of two forms of relief: either forfeiture or foreclosure and judicial sale of the property. Sellers prefer forfeiture. The law, however, does not support forfeiture in this case.
{¶ 38} R.C. 5313.07 governs the remedies available to a vendor under a land installment contract. The statute, in part states:
{¶ 39} [i]f the vendee of a land installment contract has paid * * * toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property * * *. (Emphasis added).
{¶ 40} In the case at bar, the gravamen of sellers' claim is that the trial court erred in failing to factor in the amount of taxes, insurance premiums, and interest on the unpaid principal, before the court decided that "over 20% of the contract price was paid."
{¶ 41} As decided in Smith v. Blackburn (1987), 31 Ohio App.3d 251,511 N.E.2d 132, in determining whether a vendee under a land installment contract has paid "a total sum equal to or in excess of twenty per cent" of the purchase price, a court cannot include taxes, insurance premiums, or other costs in calculating the percentage paid, unless to do so is sanctioned by the parties' contract.
{¶ 42} Here, sellers concede that the contract does not specify insurance premiums and taxes as part of the property's purchase price. Accordingly, the trial court did not err in determining that more than twenty percent of the $30,000 contract price was paid and that sellers were, therefore, not entitled to forfeiture. The trial court did not err in ordering foreclosure of the property. Accordingly, sellers' fifth assignment of error is overruled.
{¶ 43} VII. THE COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT APPELLANTS WERE BOUND BY A JUDGMENT IN ANOTHER COURT TO WHICH THEY WERE NOT PARTIES.
{¶ 44} In their final assignment of error, sellers argue that the court determined that they "were bound by the divorce action" between Dean and appellee. We reject this argument for the simple reason that Dean's and appellee's divorce has no bearing on the trial court's determination that appellee possesses an undivided one-half interest in the land contract.
{¶ 45} R.C. 5301.331 states, in pertinent part:
{¶ 46} a land contract * * * may be canceled, partially released by the vendor and vendee, or assigned by either of them by writing such cancellation, partial release, or assignment on the original land contract or upon the margin of the record thereof and signing it.
{¶ 47} In the case at bar, the court found:
{¶ 48} The re-recording of the land contract satisfies the requirements of R. C. 5301.331. The addition of Lindhorst's name as a vendee is a defacto writing of the assignment on the contract of a one half interest in the land contract from Dean Elkadi to Lindhorst. * * * Lindhorst signs her name in full and Dean Elkadi signs by placing his initials on the re-recorded land contract. * * * Accordingly, the modification and re-recording of the land contract served to assign one half of Dean Elkadi's interest in the land contract to Lindhorst.
{¶ 49} The re-recorded land contract provides sufficient evidence that Dean Elkadi owned only half of the property. Because this fact is unrebutted and fully supports the court's finding that appellee "is the assignee of a one-half interest of the land contract," we conclude the trial court did not err. Sellers' seventh assignment of error is overruled.
{¶ 50} This cause is affirmed in part, and remanded in part for a determination of the amount of statutory interest to which sellers are entitled pursuant to R.C. 1343.03(A).
It is ordered that appellee and appellants share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.