{¶ 20} The dispositive issue is whether the Godwins executed a valid mortgage to the Republic Finance Corp. in October of 1995. For the sake of argument, I'm willing to assume that the Godwin's executed the mortgage prior to obtaining legal title to the real estate. And, I agree with the appellant that one can not create a legal interest or lien on property that one does not own. Ins. Co. of N.Am. v. First Natl. Bank ofCincinnati (1981), 3 Ohio App.3d 226, 228, 444 N.E.2d 456. But, the premature mortgage did create an equitable interest in the property. I also believe that Republic's equitable interest (which they assigned) changed into a legal one upon delivery of a properly executed deed to the Godwins. As soon as the Godwins acquired legal title to the property that they had prematurely mortgaged, the equitable mortgage became a legal interest in the property. See, by way of analogy, Thornton v. Guckiean Co., Inc. (1991), 77 Ohio App.3d 794, 800, 603 N.E.2d 1066. Because this mortgage was recorded prior to the appellant's, it has priority by virtue of R.C. 5301.23(A). Thus, I concur in judgment.