DECISION AND JUDGMENT ENTRY
{¶ 1} Kenneth Moody, Jr. and Ruth Caplinger appeal from a decision granting summary judgment to Walter Tagg and argue that the court erred in ordering foreclosure of the property located at 64 Towhee Lane ("Towhee property"). Because a genuine issue of material fact exists concerning whether Mr. Moody, Jr. owned the property at the time he mortgaged it, we agree. Thus, we reverse the portion of the trial court's decision that ordered foreclosure of the Towhee property and remand for further proceedings.
 {¶ 2} Kenneth Moody, Sr. and Ruth Caplinger lived together for a number of years. On April 28, 1998, Mr. Moody, Sr. created a living trust that granted Ms. Caplinger a life estate in the Towhee property. At some point, he named his son, Kenneth Moody, Jr., as one of two Joint Successor Trustees. The same day that he created the trust, Mr. Moody, Sr. executed a deed for the Towhee property. The deed provides: "Kenneth O. Moody, single and unremarried * * * grant(s) with general warranty covenants to Kenneth O. Moody, Trustee, * * * the following real property * * *." Above the first Kenneth O. Moody, someone has written "AKA KENNETH O. MOODY SR.". Mr. Moody, Sr. recorded the deed in May 1998. However, he did not record the living trust. Mr. Moody, Sr. died in 1999.
 {¶ 3} In November 2001, Kenneth Moody, Jr. borrowed $80,000 from Walter Tagg. He executed a promissory note for that sum and gave Mr. Tagg a mortgage on the Towhee property as security for the note. Mr. Tagg recorded the mortgage approximately one month later. Subsequently, in 2003, Mr. Moody, Jr. stopped making his loan payments. Mr. Tagg notified Mr. Moody, Jr. of the default and explained how to remedy it. However, Mr. Moody, Jr. made no further payments on the note.
 {¶ 4} In September 2003, Mr. Tagg brought an action against Kenneth Moody, Jr. on the note and mortgage. The complaint listed several other defendants who might have an interest in the mortgaged property, namely, Ruth Caplinger,[1] Mead Employees Credit Union, Mrs. Kenneth Moody, Jr., and the Ross County Treasurer. Mead, Mr. Moody, Jr., Mrs. Moody, Jr., and the Treasurer responded by filing an answer. Ms. Caplinger responded by filing an answer, a counterclaim, and a cross-claim against Mr. Moody, Jr. In November 2003, Mr. Tagg filed a reply to Ms. Caplinger's counterclaim. A month later, Mr. Moody, Jr. answered the crossclaim.
 {¶ 5} Subsequently, Mr. Tagg sought summary judgment on the complaint and counterclaim. He claimed that Mr. Moody, Jr. was the record titleholder of the Towhee property at the time he executed the mortgage. To support this claim, Mr. Tagg supplied the affidavit of Attorney Laura Hill in which she stated: "Based upon my examination of the records * * * it is my opinion that title to [the Towhee property] from and after April 28, 1998 is in the name, `Kenneth O. Moody, Trustee'." Additionally, relying on R.C. 5301.03,[2] Mr. Tagg argued that the mere designation of "trustee" in the deed, without more, is insufficient to put him on notice that a trust exists or that there are beneficiaries other than Mr. Moody, Jr. Finally, he argued that under R.C. 5301.03, the mortgage from Mr. Moody, Jr. conveyed a lien free from the claims of undisclosed beneficiaries such as Ms. Caplinger.
 {¶ 6} Mr. Moody, Jr. and Ms. Caplinger opposed the motion. Mr. Moody, Jr. provided an affidavit stating: "2. I am not now and have never been the title-holder of record of the [Towhee property]. 3. The [Towhee property] was initially in the name of my father, Kenneth Orville Moody, Jr. (sic) until he deeded said property to himself as Trustee under the terms of a Revocable Living Trust. * * *." In addition, Ms. Caplinger supplied an affidavit in which she stated: "3. On or about April 28, 1998, Kenneth O. Moody, Sr., created a Living Trust whereby I was provided a life estate in the [Towhee property]. 4. On the same date as the creation of the above-noted Living Trust, Kenneth O. Moody, Sr. signed a deed to convey the [Towhee property] to himself as Trustee. * * *."
 {¶ 7} In 2004, the trial court issued a decision granting summary judgment to Mr. Tagg. The court found that Mr. Moody, Jr. defaulted on the note and thus, it entered judgment against him in the amount of $78,204.83 plus 10% interest per annum. The court also found that Mr. Moody, Jr. was the record titleholder of the Towhee property at the time he executed the mortgage. It found that Mr. Tagg "is not charged with notice nor put upon inquiry that any trust exists, or that there are beneficiaries other than Defendant Moody." Consequently, the court concluded that the mortgage was "free of the claims of any undisclosed beneficiaries * * *." In the end, the trial court ordered that the Towhee property be sold unless Mr. Moody, Jr. paid Mr. Tagg $78,204.83 plus interest within three days. The trial court also set forth the order of priority for the distribution of the proceeds from any sale of the property. Mr. Moody, Jr. and Ms. Caplinger now appeal, arguing that the trial court erred in granting summary judgment to Mr. Tagg.
 {¶ 8} In reviewing a summary judgment, the lower court and appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. See Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence against it construed most strongly in its favor. Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.3d 881, citing Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. See, also, State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, quoting Dresher v. Burt (1996), 75 Ohio St.3d 280, 395, 662 N.E.2d 264.
 {¶ 9} Mr. Moody, Jr. does not challenge the portion of the court's decision entering judgment against him on the note. Rather, he challenges the portion ordering foreclosure of the Towhee property. He claims that he is not the owner of the Towhee property. He argues that there exists a genuine issue of material fact as to the ownership of the property.
 {¶ 10} Mr. Tagg, however, argues that Mr. Moody, Jr. became the owner of the property by virtue of the deed executed by Mr. Moody, Sr. He contends that Attorney Laura Hill's affidavit supports this argument. Moreover, he notes that under R.C. 5301.03, the word "trustee" after the grantee's name in a deed, without other language showing a trust or expressly limiting the grantee's powers, is insufficient to put a mortgagee on notice that a trust exists or that there are any limitations on the grantee's powers to mortgage the property.
 {¶ 11} Having reviewed the summary judgment evidence, we find that there is a genuine issue of material fact concerning the ownership of the Towhee property at the time Mr. Moody, Jr. executed the mortgage on the property. The language in the deed executed by Mr. Moody, Sr. is ambiguous in that it does not clearly identify the grantee. As noted, the deed states: "Kenneth O. Moody * * * grant(s) * * * to Kenneth O. Moody, Trustee * * *." And while there is a handwritten notation indicating that the first Kenneth O. Moody refers to Kenneth Moody, Sr., there is no notation identifying the grantee. Mr. Tagg argues the "only reasonable conclusion" is that the grantor and grantee are not the same person. We agree that this is a reasonable conclusion. But it is not the only
reasonable conclusion. If Mr. Moody, Sr. had named Mr. Moody, Jr. as the original trustee, he would not have needed to designate him as a successor trustee sometime later. There is no evidence to indicate that Mr. Moody, Jr. was a trustee on April 28, 1998 when Mr. Moody, Sr. executed the deed. If Mr. Moody, Sr. had intended to transfer the property to Mr. Moody, Jr. as a trustee on April 28, 1998, he would not have needed to name him as successor joint trustee later. Thus, a reasonable person could also conclude that any reference to Kenneth O. Moody in the deed is a reference to Kenneth Moody, Sr. Indeed, Ms. Caplinger and Mr. Moody, Jr. both indicated in their affidavits that Mr. Moody, Sr. intended to convey the property to himself as trustee. Mr. Moody, Jr. stated that he has "never been the title-holder of record of the [Towhee property]."
 {¶ 12} In support of his summary judgment motion, Mr. Tagg offered the affidavit of Attorney Laura Hill in which she states: "Based upon my examination of the records * * * it is my opinion that title to [the Towhee property] from and after April 28, 1998 is in the name, `Kenneth O. Moody, Trustee'." Unfortunately, this fails to shed light on the problem since in April 1998, there existed two Kenneth O. Moodys — Kenneth O. Moody, Sr. and Kenneth O. Moody, Jr. It is impossible to tell from this statement whether title to the property is in the name of Kenneth O. Moody, Sr. or Kenneth O. Moody, Jr.
 {¶ 13} We conclude there exists a genuine issue of material fact as to whether Mr. Moody, Jr. owned the Towhee property at the time he executed the mortgage on it. If he did not own the property, then the mortgage is void, for a person cannot grant a mortgage on property in which he owns no interest. See Insurance Co. of N. Am. v. First Natl. Bank ofCincinnati (1981), 3 Ohio App.3d 226, 228, 444 N.E.2d 456, quotingPennock v. Coe (1859), 64 U.S. (23 How.) 117, 128, 16 L.Ed. 436
(Recognizing the maxim that "`a person cannot grant a thing which he has not:' ille non habet, non dat * * *.") Because there exists a genuine issue of material fact concerning the ownership of the property at the time Mr. Moody, Jr. executed the mortgage, we conclude the trial court erred by granting summary judgment in the foreclosure action. Thus, we sustain Mr. Moody, Jr.'s assignment of error.
 {¶ 14} Ms. Caplinger also challenges the portion of the trial court's decision ordering foreclosure of the property. In particular, she challenges the trial court's finding that Mr. Tagg did not have notice of the living trust created by Mr. Moody, Sr.
 {¶ 15} In its decision, the trial court determined that the mortgage executed by Mr. Moody, Jr. was free of the claims of undisclosed beneficiaries such as Ms. Caplinger. The court's determination, however, depended upon its finding that Mr. Moody, Jr. was the titleholder of the property at the time he executed the mortgage. Because we have found that there exists a genuine issue concerning the ownership of the property at the time Mr. Moody, Jr. executed the mortgage, we find it unnecessary to address Ms. Caplinger's assignment of error at this time. Accordingly, we reverse the portion of the trial court's decision that ordered the foreclosure of the Towhee property and remand for further proceedings consistent with this opinion.
Judgment reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] The complaint alleged that Ms. Caplinger "has or may claim to have some interest in the Property by virtue of an unrecorded lease or rental agreement."
[2] R.C. 5301.03 provides: "Trustees,' `as trustee,' or `agent' or words of similar import, following the name of the grantee in any deed of conveyance or mortgage of land executed and recorded, without other language showing a trust or expressly limiting the grantee's or mortgagee's powers, or for whose benefit the same is made, or other recorded instrument showing such trust and its terms, do not give notice to or put upon inquiry any person dealing with said land that a trust or agency exists, or that there are beneficiaries of said conveyance or mortgage other than the grantee and those persons disclosed by the record, or that there are any limitations on the power of the grantee to convey or mortgage said land, or to assign or release any mortgage held by such grantee. As to all subsequent bona fide purchasers, mortgagees, lessees, and assignees for value, a conveyance, mortgage, assignment, or release of mortgage by such grantee, whether or not his name is followed by `trustee,' `as trustee,' `agent,' or words of similar import, conveys a title or lien free from the claims of any undisclosed beneficiaries, and free from any obligation on the part of any purchaser, mortgagee, lessee, or assignee to see to the application of any purchase money. * * *."