CHASE HOME FINANCE, L.L.C., Appellant,

v.

BANKER, Admr., et al., Appellees.

[Cite as *Chase Home Fin., L.L.C. v. Banker,* 182 Ohio App.3d 546, 2009-Ohio-2650.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 08 BE 29.

Decided June 4, 2009.

Plunkett Cooney, Amelia Bower, and David Van Slyke, for appellant.

Sommer, Liberati, Musser & Bagay Co., Keith Sommer, and David Liberati, for appellees.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Chase Home Mortgage L.L.C. ("Chase"), appeals the decision of the Belmont County Court of Common Pleas that granted summary judgment in favor of appellee, Alan Banker, administrator with will annexed of the estate of Charles Lloyd McCracken ("the estate") in a foreclosure action. The facts of this case are not disputed. Rather, Chase contests the legal basis of the trial court's decision. Specifically, Chase contends that even though the transfer of the subject property to the mortgagor was void based upon a separate probate proceeding, Chase is nonetheless entitled to foreclose on the property because it is a bona fide mortgagee who took the mortgage interest without notice of the title infirmities.

{¶ 2} Upon review, Chase's arguments are meritless. Although Chase's status as a bona fide mortgagee could perhaps have saved it from an unknown encumbrance on the title, in this case, the mortgagor and former executor, Shirley Smith, never had valid title to the subject property. In a separate case, the Belmont County probate court found that Smith had failed to follow the mandatory notice provisions found in R.C. 2107.19 when she submitted the decedent's will to probate. Consequently, the court vacated its entry admitting

the will to probate and in turn, all subsequent probate actions, including the certificate of transfer of the subject real estate to Smith. The probate court took this action because notice requirements under R.C. 2107.19 are mandatory and jurisdictional. Since the probate court lacked jurisdiction to transfer the subject property to Smith in the first place, it follows that Smith never had valid title to that property; her interest was void ab initio. It is a long-standing maxim of property law that one cannot grant an interest in something that she does not have. Therefore, Smith could not have granted a mortgage interest to Chase. Thus, Chase's mortgage interest is void and the trial court was correct in granting summary judgment in favor of the estate. Accordingly, the judgment of the trial court is affirmed.

## Facts

{¶ 3} On October 7, 2007, Chase filed a complaint in foreclosure against the estate and the John Doe occupants of 1003 North Lincoln Avenue, Bridgeport, Ohio. Chase alleged that Shirley Smith, the former executor, had defaulted on a note to Chase's predecessor in interest, J.P. Morgan Chase Bank, N.A. That note was secured by a mortgage on the subject property. Chase attached copies of the note and mortgage to its complaint. Chase prayed for a finding of default on the note in the amount of $24,806.52, together with interest at the rate of 6.875 percent per year from March 1, 2007, plus court costs, advances, and other charges as allowed by law. Chase also prayed that the mortgage be adjudged a valid first lien upon the subject property and that the mortgage be foreclosed, the real property sold, and Chase paid out of the proceeds of the sale.

{¶ 4} On November 7, 2007, the estate filed an answer and counterclaim. The estate admitted it was the current, valid titleholder of the property, but it alleged that Chase's mortgage interest was void ab initio based on an action by the Belmont County probate court. The next day, the estate filed a motion for summary judgment. The estate argued that Smith, the mortgagor and former executor, never had valid title to the subject property. The estate noted that in Belmont County Probate Court case No. 05–ES–249, the probate court did transfer title to the subject property to Smith by a certificate of transfer. However, the probate court subsequently vacated all probate proceedings because Smith failed to use reasonable diligence to notify the heirs as required by R.C. 2107.19. The estate argued that since the probate court set aside all of the probate proceedings, including the certificate of transfer of real estate, Smith had no interest in the real estate and therefore could pledge no interest to Chase by virtue of a mortgage. The estate argued that there was a complete failure of title to Smith and therefore no lien on the real estate was created. It thus urged the court to grant summary judgment in its favor because the mortgage was void ab initio and of no consequence. That same day, the estate filed a copy of its

posttrial brief in case No. 05–ES–249, along with a portion of the trial transcript in that proceeding to be included in the record in this case.

{¶ 5} Chase then filed a memorandum in opposition to the estate's motion for summary judgment, along with its own cross-motion for summary judgment. In this motion, it conceded that the probate court had vacated all proceedings, including the certificate of transfer of the real estate to Smith. However, it contended that it should be permitted to foreclose on the property because it is entitled to protection as a bona fide mortgagee. It argued that at the time Smith granted Chase's predecessor a mortgage interest, Smith was shown to be the record fee title holder of the property. Chase stated that in allowing the loan transaction to close, its predecessor and its title agency relied upon the fact that Smith had a recorded fee interest. It stated that it was not aware of the problems with the title when it took the mortgage interest and noted further that it was not until over a year after it recorded the mortgage that the probate court vacated the deed, vesting title in Smith. Chase also took issue with the fact that it was never given an opportunity to be heard in those probate proceedings. In the end, Chase contended that since it had no notice of the infirmities in the title it should be granted bona-fide-purchaser protection and be allowed to foreclose on the subject real estate.

{¶ 6} Chase attached several exhibits to its motion for summary judgment, including two affidavits, the first from Thomas E. Reardon, Assistant Vice President of J.P. Morgan Chase Bank, N.A. Reardon averred that Smith executed a promissory note and mortgage in favor of J.P. Morgan Chase Bank, N.A., and that the mortgage was recorded as Belmont County instrument Number 200600004240. He stated that in loaning money to Smith, J.P. Morgan Chase relied upon the fact that Smith was shown as the record fee title holder and that J.P. Morgan Chase Bank had no knowledge of the fraud or infirmity in the title of the property. The second affidavit was from John O. Marko, the president of Eagle Title Agency. Marko averred that at the time of the execution and recording of the mortgage that Smith was the record fee title holder of the property by virtue of a certificate of transfer issued by the probate court. Marko stated that in permitting the loan transaction to close, Eagle Title Agency, Inc., relied upon the fact that Smith was the recorded fee title holder and that it had no knowledge of the fraud or infirmity in the title of the property.

{¶ 7} Chase also attached as an exhibit the probate court's August 24, 2005 certificate of transfer, which transferred the subject property to Smith. It also attached the note, the mortgage, and a copy of the assignment of mortgage from J.P. Morgan Chase Bank to Chase. In addition, it attached a copy of the motion to vacate filed by the heirs in the probate court case on November 15, 2006.

Finally, it attached the probate court's February 8, 2007 judgment entry, which vacated the entry admitting the decedent's will to probate.

{¶ 8} On January 3, 2008, the trial court issued a judgment entry in which it noted that the parties had come to an agreement that would allow the estate to sell the property for $40,000 and have the proceeds of the sale deposited with the clerk's office to be held pending the outcome of the foreclosure proceeding. The court ordered Chase to release its mortgage on the real estate, with the understanding that Chase would have a lien on the proceeds held by the clerk in the amount of the mortgage, which would continue to accrue interest at its current rate.

{¶ 9} On August 26, 2008, the trial court issued a judgment entry denying Chase's motion for summary judgment and granting the estate's motion for summary judgment. That judgment entry incorporated an opinion on the matter that had been filed on April 29, 2008. This appeal followed. The trial court subsequently granted Chase's motion to stay execution of its judgment.

## Summary Judgment

{¶ 10} Chase argues the following two assignments of error on appeal:

{¶ 11} "The decision of the trial court is against the manifest weight of the evidence and contrary to law."

{¶ 12} "The trial court erred in overruling appellant's motion for summary judgment and granting the motion for summary judgment of the Estate."

{¶ 13} Since Chase argues both of these assignments of error together, we will discuss them together. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in de novo review. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates, viewing the evidence most strongly in favor of the nonmovant, that reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

{¶ 14} When moving for summary judgment, a party must produce some facts that suggest a reasonable fact-finder could rule in her favor. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demon-

strate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 15} In the case at bar, there are no facts in dispute. Rather, this court must review the trial court's legal conclusion that Chase's mortgage interest is void. Chase argues that the trial court erred in so holding because it was a bona fide mortgagee who had no notice of the title infirmities when it took a mortgage on the property. However, Chase is incorrect.

{¶ 16} In the separate probate action, case No. 05–ES–249, of which the trial court in this case took judicial notice, the Belmont County probate court vacated all probate proceedings, including the certificate of transfer of the subject property to Smith, the mortgagor and former executor. This occurred in response to a motion to vacate filed by the decedent's heirs. The heirs alleged that Smith failed to use reasonable diligence to provide notice to them, as required by R.C. 2107.19. The probate court agreed and in a February 8, 2007 judgment entry, vacated the admission of the will to probate and vacated all subsequent actions that had occurred within the estate proceedings, including the certificate of transfer of the subject real estate to Smith. The probate court properly took this action because notice requirements pursuant to R.C. 2107.19 are mandatory and jurisdictional. *Scholl v. Scholl* (1930), 123 Ohio St. 1, 173 N.E. 305; see also *Palazzi v. Estate of Gardner* (1987), 32 Ohio St.3d 169, 173–174, 512 N.E.2d 971 (citing *Scholl*). Since the transfer of real estate was found to be void by order of the probate court, it follows that Smith never had title to the subject property; her interest was void ab initio.

{¶ 17} In *Ins. Co. of N. Am. v. First Natl. Bank of Cincinnati* (1981), 3 Ohio App.3d 226, 3 OBR 257, 444 N.E.2d 456, the court held that when a mortgagor did not hold legal or equitable title to the subject property, the subsequent mortgage was "a nullity and [ ] of no legal consequence." Id. at 228, 3 OBR 257, 444 N.E.2d 456. The court relied on solid principles of property law to support its conclusion and quoted the following passage from a long-standing United States Supreme Court case:

{¶ 18} "The main argument urged against it is founded upon the maxim, that 'a person cannot grant a thing which he has not:' ille non habet, non dat; and many authorities are referred to at law to prove the proposition, and many more might have been added from cases in equity, for equity no more than law can deny it.

The thing itself is an impossibility. It may, at once, therefore, be admitted, whenever a party undertakes, by deed or mortgage, to grant property, real or personal, in presenti, which does not belong to him or has no existence, the deed or mortgage, as the case may be, is inoperative and void, and this either in a court of law or equity." *Pennock v. Coe* (1859), 64 U.S. (23 How.) 117, 127–128, 16 L.Ed. 436.

{¶ 19} In the case at hand, Smith did not have valid title to the property when she mortgaged it. Therefore, the mortgage to Chase is void, and Chase is not entitled to a remedy in foreclosure. *Ins. Co. of N. Am.*, 3 Ohio App.3d at 228, 3 OBR 257, 444 N.E.2d 456; *Pennock*, 64 U.S. at 127–128, 16 L.Ed. 436. See also *Tagg v. Moody*, 4th Dist. No. 04CA2775, 2005-Ohio-2229, 2005 WL 1060566.

{¶ 20} Nonetheless, Chase argues that it was a bona fide mortgagee who took the mortgage interest without notice of the title infirmities. It claims that it justifiably relied upon Smith's recorded fee simple interest when it took the mortgage interest and gave Smith the loan. It therefore argues that it should be entitled to a remedy in foreclosure. Chase cites *Wayne Bldg. & Loan Co. of Wooster v. Yarborough* (1967), 11 Ohio St.2d 195, 40 O.O.2d 182, 228 N.E.2d 841, and *Shorten v. Drake* (1882), 38 Ohio St. 76, in support of its argument.

{¶ 21} However, the above cases are distinguishable from the present case. In *Wayne Bldg. & Loan,* the court found there was "little question that a mortgagee is entitled to the protection of a bona fide purchaser, if he gives value without notice of prior equities." *Wayne Bldg. & Loan,* 11 Ohio St.2d at 200, 40 O.O.2d 182, 228 N.E.2d 841. The court then proceeded to apply that doctrine to determine the *priority* of numerous valid liens on the subject property, including several mortgage liens, mechanics' liens, and a vendee's lien. Importantly, in *Wayne Bldg. & Loan,* there was never any question as to whether the mortgagor held valid title to the subject property.

{¶ 22} The *Shorten* case also involved a situation where the court determined the priority of several liens. In *Shorten,* a man bought land and transferred it to his wife in fraud of his creditors. The man and his wife then mortgaged the property to a bona fide mortgagee. The Ohio Supreme Court held that the rights of the bona fide mortgagee were superior to the rights of the man's creditors, because the mortgagee had no notice of the fraud and the mortgage was supported by valuable consideration. *Shorten,* 38 Ohio St. at 85.

{¶ 23} By contrast, in the present case, the mortgagor, Smith, never had valid title to the subject property. The probate court vacated the transfer of real estate to her due to lack of jurisdiction, thus making her interest void ab initio. Chase's status as a bona fide mortgagee may have helped had there been a prior encumbrance or a fraudulent transfer about which it had no notice, as was

the case in *Wayne Bldg. & Loan* and *Shorten*. What makes this case different is that the probate court vacated the transfer of title to Smith due to lack of jurisdiction. Thus, even though Smith *appeared* to hold valid title to the property when she mortgaged it, she actually had no interest to convey. The mere fact that the mortgage was recorded does not enhance Chase's interest. "The purpose of recordation [is] to give notice to third persons." *Gossard v. Hillman* (May 16, 1984), 4th Dist. No. 478, 1984 WL 3482, at *1; see also R.C. 5301.43. "Lack of proof of recordation of a mortgage does not invalidate the mortgage as between the parties." *Gossard* at *1. Conversely, proof of recordation is not conclusive as to the validity of the mortgage. See, e.g., *Kalb v. Wise* (1897), 5 Ohio N.P. 5, 5 Ohio Dec. 533.

{¶ 24} Chase also argues that the heirs should have provided it with notice of their motion to vacate the probate court proceedings so that it could have had an opportunity to be heard during those proceedings. It argues that the order of the probate court voiding the transfer of title was itself void, because Chase was not given the opportunity to be heard on the matter. There are several problems with this argument. First, this is not the proper case in which to make that argument. This is an appeal from the foreclosure action, not from the probate court action. Second, there is no statutory authority for Chase's contention that lienholders are entitled to notice in such a proceeding. Finally, it is doubtful Chase's presence at the probate proceeding would have changed anything, since the issue there was whether the heirs were properly noticed. And as the estate points out, Chase did ultimately have an opportunity to be heard on this matter, during the foreclosure action below.

{¶ 25} In addition, Chase argues that foreclosure proceedings are founded on equity principles and that the equities in this case favor Chase. Specifically, Chase contends that it cannot recover against Smith in an action on the note because Smith has filed for Chapter 7 bankruptcy protection. Chase further contends that the heirs have filed a civil suit against Smith for fraud, breach of fiduciary duty, and other claims. In support of this argument, Chase attached several exhibits to its appellate brief, namely, a pleading and agreed order from the bankruptcy proceeding and what appears to be the docket from the civil case. However, that evidence is not part of the trial court record, and therefore we are precluded from considering it. App.R. 9(A). "[M]erely copying and attaching documents to an appellate brief does not make them part of the official record." *Faubel v. Faubel*, 7th Dist. No. 03 MA 89, 2004-Ohio-6502, 2004 WL 2809067, at ¶ 12.

{¶ 26} Based on the foregoing, Chase's assignments of error are meritless. Since the transfer of property to Smith was void for lack of jurisdiction, the

mortgage to Chase was also void.   Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

Vukovich, P.J., and Donofrio, J., concurs.