DALTON ET AL., APPELLEES, *v.* ACKER ET AL., APPELLANTS.

(No. 745—Decided November 27, 1981.)

*Messrs. Nordstrom & Locke* and *Ms. Nancy Nordstrom Locke,* for appellees.

*Messrs. Mason, Mason & Fridline* and *Mr. Josiah L. Mason,* for appellants.

McKEE, J. Plaintiffs-appellees, Wallace and Alice Dalton, on October 22, 1980, initiated an action in the court of common pleas seeking foreclosure of a land installment contract and judgment for the balance due under said contract. The court granted judgment against defendants-appellants, Lester and Geneva Acker, for both branches of relief sought. Appellants appeal only as to the second branch of the judgment and make a single assignment of error.

"1. The court erred as a matter of law in granting personal judgment in favor of the plaintiffs-appellees and against the defendants-appellants for money, in the amount of twenty thousand seven hundred ninety-two & 86/100 dollars ($20,792.86)."

While the question of default was contested below, the finding of the trial court as to such issue is not challenged in this court and is therefore conceded by appellants. The only relevant fact to be considered by this court is that appellants had paid in excess of twenty percent of the purchase price.

Appellants' assignment of error is based on the proposition that R.C. 5313.07 and 5313.10 (effective Nov. 25, 1969) limit appellees to foreclosure plus sale proceeds up to and including the unpaid balance. In the event sale proceeds are less than the unpaid balance, the appellants assert that appellees are limited to such amount plus the difference between the amount paid by appellants on the contract, the fair rental value of the property and the amount of deterioration or destruction of the property arising from appellants' use.

The trial court had no evidence as to fair rental value, deterioration or destruction, so such are not considerations here.

R.C. 5313.07, *supra,* provides:

"If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, *the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale* of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. *In such an action,* as between the vendor and vendee, the *vendor shall be entitled to pro-*

ceeds of the sale up to and including the unpaid balance due on the land installment contract.

"*Chapter 5313. of the Revised Code does not prevent the vendor* or vendee of a land installment contract from commencing a quiet title action to establish the validity of his claim to the property conveyed under a land installment contract nor *from bringing an action for unpaid installments.*

"Chapter 5313. of the Revised Code does not prevent the vendor and vendee from cancelling their interest in a land installment contract under section 5301.331 of the Revised Code." (Emphasis added.)

As such section is applicable because of the amount of appellants' payments, an analysis is dictated. The plain language shows that a vendor may seek (1) possession or (2) payments due under the contract.

In the event vendor seeks possession he must do so "only by use" of a foreclosure and judicial sale. (Note: When the contract has been in effect less than five years, R.C. 5313.08 provides an additional remedy of forfeiture and restitution of the property. As this does not include any money judgment, it is not relevant to our analysis.)

In the event foreclosure and judicial sale are elected, the specific provision is that the vendor is entitled to sale proceeds up to and including the unpaid balance. No provision is made for any deficiency as such.

At this point R.C. 5313.10 becomes an absolute bar to further action in providing:

"The election of the vendor to terminate the land installment contract by an action under section *5313.07* or 5313.08 of the Revised Code *is an exclusive remedy which bars further action on the contract* unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such case the vendor may recover the dif-ference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount for the deterioration or destruction of the property occasioned by the vendee's use." (Emphasis added.)

As it is obvious that vendor would not be entitled to the property, the unpaid balance and the calculated amount arising from fair rental value, deterioration and destruction, such additional amounts are provided for when the sale proceeds do not equal the unpaid balance. The bar of the "further action on the contract" is plainly a bar to a deficiency judgment.

In the event the vendor seeks total payment of the contract price, the second paragraph of R.C. 5313.07 permits a money only action for "unpaid installments."

We recognize that sections of the Revised Code involved in this action direct a substantial change in the pre-existing law and decisions relating to land contracts. The sections, in fact, make a change in a number of existing land installment contracts freely entered into by competent adults who entered such contracts with the thought in mind that a default under the terms of the contract might lead to a deficiency judgment.

It is not the function of this court to ponder whether or not this was the result intended by the General Assembly. It is the function of this court to review judgments within the plain meaning of legislative enactments. We have long been directed by the second paragraph of the syllabus in *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621, which holds:

"* * * the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That

body should be held to mean what it has plainly expressed and hence no room is left for construction.''

For the reasons stated, and in compliance with R.C. 5313.07 and 5313.10, the assignment of error is sustained.

The judgment of the court of common pleas ordering foreclosure and sale is affirmed and that portion ordering a personal money judgment in favor of appellees against appellants is reversed and vacated. The cause is remanded for further proceedings according to law.

*Judgment reversed and
cause remanded.*

HENDERSON, P.J., and MILLIGAN, J., concur.