BUTLER, F.K.A. GILLAM, APPELLANT AND CROSS-APPELLEE, *v.* MICHEL ET AL., APPELLEES AND CROSS-APPELLANTS.

(No. 11254—Decided February 8, 1984.)

*Mr. Peter Michael Kostoff,* for appellant and cross-appellee.

*Mr. Frank E. Steel, Jr.,* for appellees and cross-appellants.

BAIRD, J. On July 28, 1981, the parties to this action entered into a land contract for the purchase of real property improved by virtue of a dwelling erected thereon. Defendants (buyers) agreed to pay the balance of the contract on or before August 8, 1982. Defendants defaulted on this provision and on September 24, 1982, plaintiff (seller) brought an action for forcible entry and detainer, forfeiture and money damages. Defendants counterclaimed for their down payment. The defendants vacated the premises on November 8, 1982, and the forcible entry and detainer action was dismissed. The parties proceeded to trial, and at the conclusion thereof the court granted plaintiff $2,500 for defendants' holdover and ordered the return of the defendants' down payment. Both parties appeal. Plaintiff presents the following assignment of error.

"The trial court erred as a matter of law in failing to grant judgment for plaintiff-appellant as prayed for the reason that such decision was against the weight of the evidence and the proper measure of damages was not applied."

Defendants did not present an assignment of error as such, but did challenge the award of $2,500 for the time they occupied the house and presented the following "statement of the issue":

"A vendor under a land contract who seeks to forfeit a land contract pursuant to Revised Code 5313.07 *et seq.* has elected an exclusive remedy which prohibits further action except to recover any amount paid by the vendee which is less than the fair rental value plus any deterioration or destruction."

Plaintiff's complaint clearly seeks a forfeiture, as provided by R.C. 5313.08. Once this remedy is elected it is the exclusive remedy available to the vendor, pursuant to R.C. 5313.10.

R.C. 5313.08 provides:

"If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property under Chapter 1923. of the Revised Code. * * *"

R.C. 1923.02(A)(7) provides:

"Proceedings under Chapter 1923. of the Revised Code, may be had:

"* * *

"In cases arising out of Chapter 5313. of the Revised Code. In such cases the court shall have the authority to declare a forfeiture of the vendee's rights under a land installment contract and to grant any other claims arising out of the contract."

R.C. 1923.09 provides:

"* * * After hearing the evidence, if he concludes that the complaint is not true, he shall enter judgment against the plaintiff for costs. If he finds the complaint true, he shall render a general judgment against the defendant in favor of the plaintiff, for restitution of the premises and costs of suit. * * *"

We need not consider in this case whether these statutes grant the trial court any discretion in deciding to declare a forfeiture. The literal reading of these statutes convinces us that under these facts the trial court should have declared a forfeiture of the vendees' rights in the land installment contract. This remedy is exclusive, pursuant to R.C. 5313.10, unless a vendee has paid an amount less than the fair rental value plus deterioration or destruction of the

property occasioned by the vendee's use. *Marvin* v. *Stemen* (1980), 68 Ohio App. 2d 26 [22 O.O.3d 16]. The land contract stipulates that the fair rental value of the property is $625 per month. From the record it appears that defendants have paid $12,805.80 toward the purchase price of the property, and additional amounts as taxes. Because the defendants have paid an amount greater than the fair rental value we conclude that the plaintiff is not entitled to an additional amount for rent pursuant to R.C. 5313.10.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for the entry of judgment consistent with this opinion. Such judgment should provide only for a forfeiture of defendants' interest in the land contract. Since the statute limits the vendor to a recovery of a fair rental value, and such recovery is not available under the particular facts of this case, and since the vendees' interest under the contract is forfeited, no money judgment should be entered against either party.

*Judgment reversed and cause remanded.*

QUILLIN, P.J., and GEORGE, J., concur.