GOOD SHEPHERD BAPTIST CHURCH, INC., APPELLANT, *v.* CITY OF COLUMBUS ET AL., APPELLEES.

(No. 84AP-326—Decided August 9, 1984.)

*Lyman & Brooks* and *Webster S. Lyman,* for appellant.

*Schneider, Prohaska & Sams, Fred E. Sams* and *J. Raymond Prohaska,* for appellees.

VICTOR, J. This appeal concerns an interpretation of R.C. 5313.10 which pertains to the termination of land installment contracts by action pursuant to R.C. 5313.08.

On August 13, 1979, Douglas Kelley and Barbara Kelley, not parties to this appeal, purchased premises located at 2212 Cleveland Avenue, Columbus, Ohio, from the appellant by land installment contract for $31,000.

In lieu of a down payment, the Kelleys, as one of the terms of the contract, executed and delivered to the appellant a note and mortgage for $3,000 on property at 1167 East Fifteenth Avenue, Columbus, Ohio, in which Douglas Kelley owned an undivided one-half interest.

The Kelleys defaulted upon payments on the Cleveland Avenue property. Appellant thereupon filed an action against the Kelleys, wherein it sought possession of the property located at 2212 Cleveland Avenue, cancellation of the land contract and costs. (Case No. 81CV-11-6173.)

The case was submitted to the Court of Common Pleas of Franklin County. That court, on February 19, 1982, entered a judgment cancelling the land contract and restoring appellant to possession of the premises. No action had been brought upon the note and mortgage given as additional security upon the Fifteenth Avenue property.

In November 1979, the first mortgage holder on the Fifteenth Avenue property, the North Central Mortgage Corporation, foreclosed its mortgage lien, and eventually that property was acquired by the appellee city of Columbus.

In January 1983, appellant brought this action seeking to foreclose the mortgage and seeking recovery of $3,000 from the appellee, city of Columbus, on the theory that, as the current owner of the premises upon which the Kelley mortgage exists, the city is liable for this indebtedness to appellant.

The matter was submitted to the court of common pleas upon stipulated facts previously recited herein. That court entered judgment for appellee holding that R.C. 5313.10 bars appellant from "* * * seeking any recovery on or enforcement of * * * [the] mortgage * * *." The court declared the mortgage void and canceled of record and dismissed the appellant's complaint with prejudice. That judgment prompted this appeal.

Appellant's assignment of error reads as follows:

"The trial court erred in finding for defendant [appellee], the city of Columbus and denying judgment for plaintiff [appellant]."

We reject this assignment of error and affirm the judgment.

R.C. 5313.10 provides:

"The election of the vendor to terminate the land installment contract by an action under section 5313.07 or 5313.08 of the Revised Code is an exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount for the deterioration or destruction of the property occasioned by the vendee's use."

In the case of *Dalton* v. *Acker* (1981), 5 Ohio App. 3d 150, the court held that, in the event of foreclosure of a land installment contract pursuant to R.C. 5313.07, the vendor is entitled to sale proceeds up to and including the unpaid balance, but that R.C. 5313.10 plainly precludes any deficiency judgment. For a comparable holding, see this court's opinion in *Leach* v. *Douglass* (Feb. 24, 1983), Franklin App. No. 82AP-205, unreported. Likewise, a forfeiture of such a contract pursuant to R.C. 5313.08, the action which appellant originally initiated, constitutes a bar to any further action on the original contract except as specifically provided in R.C. 5313.10 relative to fair rental value and destruction or deterioration. Here we have neither.

Appellant's present action is for foreclosure of a mortgage given as a security for a down payment upon the premises which was the subject matter of the land contract. There is no evidence before this court relative to destruction or deterioration or the inadequacy of fair rental value while the Kelleys occupied the Cleveland Avenue property.

Appellant has repossessed that property by forfeiture pursuant to R.C. 5313.08. Having elected to so terminate the land installment contract, based upon the record before us, appellant is barred from seeking to recover a $3,000 down payment by foreclosure of a mortgage given as additional security upon the Kelley property.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

McCormac, P.J., and Moyer, J., concur.

Victor, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.