FREY, Appellee,

v.

HIBBARD, Appellant.

[Cite as *Frey v. Hibbard* (1989), 62 Ohio App.3d 781.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880300.

Decided May 10, 1989.

782

William L. Russell, for appellee.
Paul A. Nidich, for appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, the journal entries, which include the trial court's written findings set forth in the judgment entry, the original papers from the Hamilton County Municipal Court, and the brief of counsel for the defendant-appellant, oral argument having been waived.[1]

The defendant-appellant, James Hibbard, appeals from a judgment of $2,224.62 awarded against him as a purchaser under a land installment contract. In his single assignment of error, the defendant contends that the trial court's judgment is in error because forfeiture is the seller's exclusive remedy as provided by R.C. 5313.10. The assignment, which more appropriately addresses the weight of the evidence, is without merit.

On June 13, 1986, defendant agreed, pursuant to a land installment contract, to purchase from plaintiff-appellee, Gregrick A. Frey, a lot on which two vacant buildings were located. Defendant entered into this contract with plans to rehabilitate the buildings and agreed: (1) to pay installments of $171.13 per month until June 1989, when a balloon payment of the entire balance was due; (2) to pay insurance; (3) to pay taxes due in and after June 1986; and (4) to indemnify plaintiff against any liens which might be placed against the property during his occupancy.

After unsuccessfully trying to obtain a city rehabilitation loan, defendant defaulted on all installments from December 1, 1986. Plaintiff then served defendant with a notice to terminate the contract as required by R.C. 5313.06, and on June 4, 1987, the trial court ordered the contract cancelled. Two weeks later, plaintiff entered into a land installment contract with a new purchaser involving the same provisions for payment as set forth in defendant's contract.

Subsequently, as the result of a separate bench trial, the trial judge concluded in the judgment entry as follows:

"Plaintiff is entitled to the benefit of his bargain under the contract until cancelled; that is six months and 4 days at $171.13 or

| $1,049.58 | in lost payments |
|---|---|
| 517.04 | taxes |
| 188.50 | taxes |
| 333.75 | insurance |
| 135.75 | water |
| $2,224.62 | |

---

1. Although counsel for plaintiff-appellee filed no brief and provided no assistance to us, the issue under these particular facts does not warrant a reversal of the judgment as provided by App.R. 18(C).

"Judgment for plaintiff in the amount of $2,224.62 plus costs."

Defendant maintains that forfeiture of the property is an absolute bar to further action against him because R.C. 5313.10 states:

"The election of the vendor to terminate the land installment contract by an action under section 5313.07 or 5313.08 of the Revised Code *is an exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value* plus deterioration or destruction of the property occasioned by the vendee's use. *In such case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property* plus an amount for the deterioration or destruction of the property occasioned by the vendee's use." (Emphasis added.)

Defendant bases his argument on three assertions made at trial: (1) he notified plaintiff around Thanksgiving, 1986, to terminate the contract; (2) the buildings were uninhabitable, and, therefore, the property at no time had a fair rental value; and (3) he paid $3,000 to clean up the property.

Sitting as the trier of the facts, the trial court must weigh the evidence and determine credibility of the witnesses. On review, a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Although the plaintiff in the case *sub judice* was not entitled to a deficiency judgment under the land installment contract since R.C. 5313.10 is a bar, *Dalton v. Acker* (1981), 5 Ohio App.3d 150, 5 OBR 331, 450 N.E.2d 288, the trial court could properly determine that the property had a fair rental value during the period of defendant's occupancy from December 1, 1986 to June 4, 1987.

In rejecting defendant's assertions that he gave notice to terminate around Thanksgiving and that the property had no rental value, the trial court could properly rely upon the undisputed evidence that defendant stored items from his glazing business on the premises through June 4, 1987. Although plaintiff did not offer his opinion or other evidence on the fair rental value of the property, the parties stipulated the amount of the monthly installments and the unpaid taxes, insurance and water charges to the date the contract was cancelled. Furthermore, the trial court could use, as it did, these expenses in calculating the fair rental value for the property described in the testimony and award plaintiff the difference between the amount paid by defendant on

the contract and the fair rental value of the property through June 4, 1987.[2] See *Goodrich v. Sickelbaugh* (Mar. 21, 1986), Lucas App. No. L–85–194, unreported, 1986 WL 3447. Finally, the trial judge was free to reject any claim of setoff or recoupment as unsupported by the weight of the evidence. Therefore, defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

UTZ and GORMAN, JJ., concur.

HILDEBRANDT, J., concurs separately.

HILDEBRANDT, Presiding Judge, concurring separately.

I concur in the instant judgment because the facts of this case support the trial court's judgment. However, in my opinion, the trial court's pronouncement in its judgment entry that "[p]laintiff [the vendor] is entitled to the benefit of his bargain under the contract until cancelled * * * " is not a proper interpretation of the measure of damages prescribed under R.C. 5313.10 (set forth above).

In *Goodrich v. Sickelbaugh* (Mar. 21, 1986), Lucas App. No. L–85–194, unreported, at 2, the court observed:

"The [trial] court also found that the fair rental value of the premises for December 1983, January 1984, and February 1984, the holdover period, was $442.31 per month, the amortized monthly payment of the purchase price pursuant to the land contract. From this, the judge determined that the appellants owed rent from December 1, 1983, through March 4, 1984, in the amount of $1,384.01 of which appellants had paid $400 in the month of December 1983. This left a balance due of $984.01."

I interpret the foregoing as suggesting that the monthly installment under a land purchase contract is a factor to be considered in arriving at the fair rental value of the property that is the subject of such contract prior to its cancellation. I believe that the trial court in the cause *sub judice* correctly applied the amount of the monthly installment under the contract as a measure of the fair rental value due the instant appellee because the facts of this case support it. The land purchase contract called for a purchase price of $20,000 that was to be paid as follows:

---

2. Although the land installment contract provides that defendant was to make a down payment of $500, the record is silent as to whether it was ever paid and, therefore, for appellate review this amount cannot be considered in calculating the difference in the amount paid and the fair rental value pursuant to R.C. 5313.10.

A $500 down payment;

A $92 payment on July 1, 1986;

Thirty-five monthly installments of $171.13;

A balloon payment of $13,417.85, excluding interest,[3] on June 13, 1989.

Where, as in the land purchase contract *sub judice*, there are relatively low monthly installment payments, which are balanced by a substantial balloon payment, such monthly installments appear suggestive of what the drawer of the contract considered to be the fair rental value of the subject property. However, I cannot agree that the monthly installments under a land purchase contract would be probative evidence of the fair rental value of the subject property in every case invoking R.C. 5313.10.

Accordingly, for the foregoing reasons I concur in the judgment of this case.

**3.** The contract further provided for interest at ten percent per annum, amortized over a period of thirty years.