OPINION *Page 2 
{¶ 1} Appellant Felecia K. Crawford appeals the June 9, 2006, decision of the Canton Municipal Court ordering a forfeiture of the land installment contract with Appellee Lester Sanders.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about May 9, 2001, Plaintiff-Appellee, Lester Sanders, bought real estate located at 1119 Kurtz Court, N.E., Canton, Stark County, Ohio. On the same date, Defendant-Appellant, Felicia K. Crawford, aka Felicia K. Greggs entered into a land installment contract with Appellee.
 {¶ 3} On November 3, 2004, Appellant Crawford hired counsel to record the land contract between herself and Appellee Sanders. Under oath, Appellant signed a notarized "Affidavit of Facts Relating to Title," R.C. § 5301.252, indicating the validity of the land contract and further indicating that she was current on all payments under the land contract. (See: Ex. A, Eviction Complaint for Forfeiture and Forcible Entry and Detainer and Damages).
 {¶ 4} On December 21, 2004, Appellee Sanders first filed to evict Appellant Crawford for nonpayment under the terms of the land contract in Canton Municipal Court Case No. 2004-CVG-08726.
 {¶ 5} Appellant hired counsel and timely filed an answer in that proceeding. Such cause of action was dismissed.
 {¶ 6} On October 28, 2005, Appellee Sanders filed again to evict Appellant Crawford for nonpayment under the land contract. (See: Ex. A, Forfeiture Complaint-1/7/05 Complaint same as 10/28/05], in Canton Municipal Court Case No. 2005-CVG- *Page 3 
07207. The Complaint also contained a fraud claim on the basis that Appellant Crawford had promised to refinance the house with proceeds from a pending personal injury action which she never did. Appellee learned that Appellant had been awarded a gross sum of $100,000 for her injuries, yet failed to re-finance or keep current on her land installment contract payments. This cause of action was dismissed by the trial court on the issue of statutory notice of the forfeiture proceedings.
 {¶ 7} On January 17, 2006, Appellee again filed an action to evict Appellant for nonpayment under the land installment contract in Canton Municipal Court Case No. 2006-CVG-00535, the underlying case for this appeal. Appellant did not hire counsel or respond to this Complaint.
 {¶ 8} On February 10, 2006, the Magistrate issued the writ of restitution against Appellant and continued the action for the damages hearing.
 {¶ 9} On February 15, 2006, acting pro se, Appellant filed an Objection to the Magistrate's Decision, Motion to Transfer, and Motion to Vacate. The trial court overruled these Motions on the same date.
 {¶ 10} On February 23, 2006, the Magistrate issued to Appellant an Order to Vacate the Premises.
 {¶ 11} On March 2, 2006, the Canton Municipal Court Bailiff returned the Writ as "out".
 {¶ 12} On March 20, 2006, more than two months after the Complaint was filed in the instant matter, Appellant, through new counsel, filed, without Leave of Court, an Answer and a Counterclaim in the amount of $15,000.00. *Page 4 
 {¶ 13} On April 5, 2006, Appellee, through counsel, filed a Motion to Dismiss the Defendant's Answer and Counterclaim, and a Motion for Default Judgment.
 {¶ 14} On April 6, 2006, the trial court held a pre-trial in the matter. The trial court set May 5, 2006 for hearing Appellee's Motion to Dismiss Defendant's Answer and Counterclaim.
 {¶ 15} On April 13, 2006, the trial court also set May 5, 2006 as the date for hearing Appellee's Motion for Default Judgment.
 {¶ 16} On May 3, 2006, Appellant's counsel filed a Memoranda in Opposition to Appellant's Motions to Dismiss and for Default Judgment. Appellant also moved for leave to file her Answer and Counterclaim.
 {¶ 17} On May 25, 2006, the trial court granted Appellee's Motion to Strike Appellant's Answer and Counterclaim. The trial court further sustained Appellee's Motion for Default Judgment, and set the damages hearing for June 9, 2006.
 {¶ 18} On June 9, 2006, the trial court proceeded with the damages hearing and ordered the land contract to be cancelled and forfeited. The trial court further found in favor of Appellee for damages in the amount of $5,328.81, plus interest at 6% per annum from February 15, 2006. The damages awarded reflected the Appellant's arrears on monthly payments on the land installment contract, plus insurance premiums and property taxes she had not paid as required under the land installment contract.
 {¶ 19} Appellee's motion for attorney's fees was not granted.
 {¶ 20} Appellant now appeals and assigns the following error for review: *Page 5 
 ASSIGNMENTS OF ERROR {¶ 21} "I. THE TRIAL COURT ERRED IN ORDERING A FORFEITURE OF THE LAND INSTALLMENT CONTRACT.
 {¶ 22} "II. THE TRIAL COURT ERRED IN AWARDING APPELLEE DAMAGES IN THE ABSENCE OF ANY EVIDENCE OF DAMAGES, IN THE RECORD.
 {¶ 23} "III. THE TRIAL COURT ERRED IN AWARDING APPELLEE DAMAGES WHEN THE UNDISPUTED EVIDENCE PROVED THAT APPELLANT HAD ALREADY PAID APPELLEE AN AMOUNT GREATER THAN APPELLEE WAS PERMITTED TO RECOVER UNDER ORC § 5313.10.
 {¶ 24} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROPERLY APPLY THE LAW TO THE UNDISPUTED FACTS.
 {¶ 25} "V. THE TRIAL COURT'S ORDER IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 26} In her first assignment of error, Appellant argues that the trial court erred in ordering forfeiture of the land installment contract. We disagree.
 {¶ 27} Specifically, Appellant argues that the trial court's order is contrary to R.C. § 5313.08 because she had made payments in excess of twenty percent (20%) or the purchase price of the subject real estate.
 {¶ 28} Upon review, we find that whatever payments Appellant alleges to have made needed to be pled as affirmative defenses pursuant to Civ.R. 8(C) and (D).
 {¶ 29} As Appellant failed to timely file an answer in this matter and the trial court found no excusable neglect in her having failed to do so, Appellant cannot now assert *Page 6 
such defenses. The default judgment estops Appellant in this regard. SeeTrautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493.
 {¶ 30} Accordingly, we hereby overrule Appellant's first assignment of error.
 II., III. {¶ 31} In her second and third assignments of error, Appellant argues the trial court erred in its award of damages in this matter. We disagree.
 {¶ 32} Appellant argues that Lindhorst v. Elkadi, Cuyahoga App. No. 80162, 2002-Ohio-2385, provides that the vendor has a duty to prove fair market rental value prior to any recovery of damages. Appellant argues that Appellee did not produce any evidence of damages, mainly fair market rental value of the property, at the hearing held in this matter, and is therefore barred from recovery for any unpaid rents.
 {¶ 33} The trial court found that the actual amount of the land installment payments as due under the contract were evidence of the property's fair market rental value. In so finding, the trial court relied on Frey v. Hibbard (1989), 62 Ohio App.3d 781, which held:
 {¶ 34} "Although plaintiff did not offer his opinion or other evidence on the fair rental value of the property, the parties stipulated the amount of the monthly installments and the unpaid taxes, insurance and water charges to the date the contract was cancelled. Furthermore, the trial court could use, as it did, these expenses in calculating the fair rental value for the property described in the testimony and award plaintiff the difference between the amount paid by defendant on the contract and the fair rental value of the property through June 4, 1987. See Goodrich v. Sickelbaugh (Mar. 21, 1986), Lucas App. No. L-85-194, unreported, 1986 WL 3447." *Page 7 
 {¶ 35} The trial court, sitting as the trier of fact, must weigh the evidence and determine credibility of the witnesses. On review, a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. CE. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261,376 N.E.2d 578, syllabus.
 {¶ 36} Again, due to Appellant's failure to file a timely answer and assert any affirmative defenses, the trial court could not consider any alleged payments made by Appellant in excess of twenty-percent or any setoff for same.
 {¶ 37} The only issue before the trial court, therefore, was the amount of damages due to Appellee under the contract for Appellant's failure to pay her monthly installments, property taxes and insurance premiums.
 {¶ 38} We therefore find that it was not error for the trial court in the case sub judice to determine that the property had a fair rental value during the period of defendant's occupancy.
 {¶ 39} Appellant's second and third assignments of error are overruled.
 IV. {¶ 40} In her fourth assignment of error, Appellant argues that the trial court failed to apply the law to the facts. We disagree.
 {¶ 41} Under this assignment of error, Appellant again raises the issue that she paid more than 20% of the purchase payment when she made a down payment of $9,285.00 and paid closing costs of $1,074.82. *Page 8 
 {¶ 42} Having previously found that Appellant is estopped from raising this defense, we find Appellant's fourth assignment of error not well-taken and hereby overrule same.
 V. {¶ 43} In her fifth and final assignment of error, Appellant argues that the decision in this case was against the manifest weight of the evidence.
 {¶ 44} For the same reasons as set forth in our disposition of Assignments of Error II and III, we find Appellant's fifth assignment of error not well-taken and overrule same.
 {¶ 45} The judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
 By: Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs assessed to appellant. *Page 1