HOWARD et al., Appellees,

v.

TEMPLE et al., Appellants.

[Cite as *Howard v. Temple,* 172 Ohio App.3d 21, 2007-Ohio-3074.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 06CA32.

Decided June 1, 2007.

Joseph P. Sulzer, for appellees.

Peter D. Quance, for appellants.

McFARLAND, Presiding Judge.

{¶ 1} Donald L. Temple and Tara D. Temple appeal the trial court's decision awarding $6,000 to Kenneth Howard and Howard Companies, Inc. They contend that the trial court erred by awarding Howard damages after the Temples defaulted under a land installment contract. The Temples assert that because Howard chose the forfeiture remedy provided in R.C. 5313.08, R.C. 5313.10 prohibited Howard from seeking damages representing the difference in price between the amount the Temples agreed to pay under the land installment contract and the amount for which Howard subsequently sold the property. The Temples argue that R.C. 5313.10 provides the exclusive remedy following a land installment-contract forfeiture and that the statute does not permit deficiency judgments. We agree with the Temples. R.C. 5313.10 provides the exclusive remedy available to a vendor following the forfeiture of a land installment

contract, and the statute does not permit deficiency judgments. Accordingly, we reverse the trial court's judgment.

{¶ 2} In December 2002, the Temples entered into a land installment contract. The Temples agreed to purchase real property from Howard for $128,900. The Temples defaulted on the land installment contract, and Howard filed an action to forfeit the contract. On June 8, 2004, the trial court ordered the contract forfeited.

{¶ 3} In February 2005, Howard filed a separate complaint against the Temples, asserting that they (1) failed to comply with the terms of a promissory note, (2) defaulted under the terms of a land installment contract, a default that resulted in Howard's selling the property for a lower amount than the amount contracted for with the Temples, and (3) caused waste to the property.

{¶ 4} The trial court subsequently awarded Howard $6,000, which represented the difference between the price the Temples agreed to pay for the property under the land installment contract and the price a subsequent purchaser paid Howard for the property. The court denied Howard's remaining claims for relief.

{¶ 5} The Temples appealed the trial court's judgment and raise the following assignment of error:

{¶ 6} I. "The trial court erred in awarding a six thousand dollar judgment against the appellants after the land installment contract between the appellees and appellants had been forfeited."

{¶ 7} In their sole assignment of error, the Temples essentially contend that the trial court's judgment is contrary to law. Specifically, they argue that the trial court erred by awarding Howard what amounts to a deficiency judgment. They claim that R.C. 5313.10 provides the exclusive remedy available to Howard following the forfeiture of the land installment contract and prohibits a deficiency judgment.

{¶ 8} The Temples' assertion that the trial court misapplied the law in entering judgment in Howard's favor presents a question of law that we review de novo. See *Spencer v. Huff* (July 2, 1998), Scioto App. No. 97CA2543, 1998 WL 391948, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684.

{¶ 9} R.C. Chapter 5313, is "essentially a 'consumer protection law,'" *Albright v. Cochran* (Mar. 2, 1984), Morrow App. No. CA 613, 1984 WL 4479, intended to prevent a "windfall to a vendor who has previously collected substantial sums under a land contract and/or has actually recovered the property." *Farkas v. Bernard* (May 16, 1996), Franklin App. No. 95APE10–1365, 1996 WL

257455. Thus, upon an election of forfeiture, the statutes limit a vendor's remedies. *Koehler v. Paniagua,* Hancock App. No. 5–02–64, 2003-Ohio-1972, 2003 WL 1903737, at ¶ 9.

{¶ 10} Here, the parties do not dispute that in a prior case, Howard forfeited the land contract under R.C. 5313.08. That statute provides:

> If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property under Chapter 1923. of the Revised Code. When bringing the action under Chapter 1923. of the Revised Code, the vendor complies with the notice requirement of division (A) of section 1923.04 of the Revised Code by serving notice pursuant to section 5313.06 of the Revised Code. The court may also grant any other claim arising out of the contract.

{¶ 11} R.C. 5313.10 states that when a vendor terminates a land installment contract under R.C. 5313.08, that is the vendor's "exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount for the deterioration or destruction of the property occasioned by the vendee's use."

{¶ 12} Thus, when "the vendor of a land installment contract brings an action under R.C. 5313.08 for forfeiture for vendee's default under the contract, the vendor has elected an exclusive remedy which prohibits further action except to recover any amount paid by the vendee which is less than the fair rental value plus any deterioration or destruction of the property occasioned by the vendee's use." *Butler v. Michel* (1984), 14 Ohio App.3d 116, 14 OBR 131, 470 N.E.2d 217. A vendor may not obtain a deficiency judgment with or after an R.C. 5313.08 forfeiture. See *Farkas v. Bernard* (May 16, 1996), Franklin App. No. 95APE10–1365, 1996 WL 257455 ("The purpose of R.C. 5313.10 is to prevent the vendor from obtaining a deficiency judgment against the vendee in a foreclosure action under R.C. 5313.07 or an action for forfeiture in restitution under R.C. 5313.08"); *Castro v. Prokop* (March 15, 1991), Trumbull App. No. 89–T–4238, 1991 WL 35640 ("The import of R.C. 5313.10 precludes a deficiency judgment in a land contract"); *Good Shepherd Baptist Church, Inc. v. Columbus* (1984), 20 Ohio App.3d 228, 229, 20 OBR 288, 485 N.E.2d 725 ("[A] forfeiture of [a land installment] contract pursuant to R.C. 5313.08 * * * constitutes a bar to any further action on the original contract except as specifically provided in R.C.

5313.10 relative to fair rental value and destruction or deterioration"); *Kothera v. Stroupe* (Sept. 12, 1984), Summit App. No. CA 11693 ("When the vendor seeks foreclosure and judicial sale, the statute clearly states that the vendor is entitled to sale proceeds up to and including the unpaid balance. No provision is made for a deficiency judgment."); *Shone v. Griffis* (Feb. 2, 1984), Montgomery App. No. 8252, 1984 WL 4376 (stating that R.C. 5313.10 deprived the trial court of jurisdiction to render a deficiency judgment); *Dalton v. Acker* (1981), 5 Ohio App.3d 150, 151, 450 N.E.2d 288 (stating that the prohibition of "further action on the contract" is plainly a bar to a deficiency judgment).

{¶ 13} In the case at bar, by electing to forfeit the land installment contract, Howard limited his remedy to that provided in R.C. 5313.10, the difference between the amount paid and the fair rental value plus an amount for deterioration or destruction occasioned by the Temples' use. See *Koehler*, 2003-Ohio-1972, 2003 WL 1903737. The statutes do not allow Howard to recover the difference between the amount the Temples agreed to pay under the land installment contract and the amount for which Howard subsequently sold the property.

{¶ 14} Howard's assertion that R.C. 5313.08 permits him to seek the deficiency judgment by its use of the language "in addition to any other remedies provided by law" is without merit. As we stated above, R.C. 5313.10 prohibits such deficiency judgments, and thus, it is not a remedy provided by law.

{¶ 15} Accordingly, we sustain the Temples' assignment of error and reverse the trial court's judgment.

*Judgment reversed.*

HARSHA and KLINE, JJ., concur.