[Cite as *Anna Holdings, L.L.C. v. McClanahan*, 2019-Ohio-4697.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| ANNA HOLDINGS, LLC | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2019-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 2019-CVG-54 |
| | : | |
| EMILY MCCLANAHAN, et al. | : | (Civil Appeal from Municipal Court) |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2019.

. . . . . . . . . . .

ZACHARY M. HARVEY, Atty. Reg. No. 0095991, 30 Warder Street, Suite 250, Springfield, Ohio 45504
        Attorney for Plaintiff-Appellant

EMILY MCCLANAHAN, 1548 Regent Avenue, Springfield, Ohio 45503
        Defendant-Appellee, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Anna Holdings, LLC ("Anna") appeals from a judgment entry of the Champaign County Municipal Court, which offset Anna's damages under a land installment contract by the amount of the buyers' down payment and awarded no damages. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} According to the complaint, Anna was the owner of residential premises located at 602 College Way in Urbana, and it contracted to sell the premises to Emily McClanahan and Tracy McCain, Jr., pursuant to an installment land contract, a copy of which was attached to the complaint (Exhibit A). Under that contract, the buyers agreed to purchase the property for $89,900 and to make a down payment of $7,495. The balance ($82,405.00) would be paid in monthly installment payments of $751.06 until the principal amount was paid in full; those payments included $604.66 for principal and interest, $120.82 for pro-rated real estate taxes, and $25.58 for pro-rated homeowner's insurance. The unpaid principal balance would bear interest at the rate of 8% per annum. The buyers further agreed to pay utilities and a late payment fee of 5% of the total monthly payment.

{¶ 3} The contract also contained a provision concerning default. It provided, in part:

> In the event that Buyer shall fail to pay an installment hereunder (or shall fail to pay the taxes, assessments, or insurance premiums when due, if applicable), or shall fail to perform any other condition of this Contract and such default shall continue for a period of thirty (30) days, then all amounts remaining unpaid shall immediately at option of the Seller become due and payable, and Seller may terminate this Agreement by giving Buyer ten (10)

days written notice in compliance with Ohio Revised Code Section 5313.06. After said (10) day period, if Buyer has not remedied such default, the Contract shall be terminated. Unless Buyer has made payments in accordance with the terms hereof for a period of five (5) years or more from the due date of the first payment, or Buyer has paid at least twenty percent (20%) of the purchase price, *all payments made hereunder by the Buyer shall be retained by the Seller as liquidated damages for the nonperformance of this Contract and for the use and occupancy of said premises by Buyer. In addition thereto Seller shall retain all rights under Ohio Revised Code Section 5313.10.*

(Emphasis added.)

{¶ 4} On January 23, 2019, Anna filed a "Complaint in Forfeiture and Eviction of Land Installment Contract" against McClanahan, McCain, and "all other occupants." In its complaint, Anna alleged that the buyers "have been delinquent in their total monthly payments since August of 2018, plus penalties and interest, and utility bills are due and owing in an amount yet to be determined." The complaint further provided that "Defendants' delinquent balance due and owing the Plaintiffs amounts to $4,663.31 for delinquent monthly installment payments; late fees; and delinquent utilities in an amount yet to be determined."

{¶ 5} Count I of the complaint claimed that, pursuant to R.C. 5313.06, "these obligations not having been paid, [Anna] gave to the Defendants a ten (10) day Notice of Forfeiture, said notice was posted to the property on January 9, 2019 * * * [and] [t]he installment land contract has been in effect less than five (5) years and Defendants' equity

in the property is less than twenty (20) percent." In Count II, Anna claimed that the buyers had damaged the property and owed Anna for unpaid monthly installments and utility costs. Anna sought restitution of the property, forfeiture of the installment land contract, damages for the premises in an amount to be further determined, and delinquent land installment contract payments.

{¶ 6} In addition to the land installment contract (Exhibit A), Anna also attached to its complaint a notice of forfeiture (land contract) (Exhibit B) and a calculation of the buyers' equity in the property (Exhibit C). Exhibit C showed principal payments totaling $8,993.73, and an "equity percentage" of 9.9958% ($89,900 / $8,993.73).

{¶ 7} On February 6, 2019, the municipal court issued an "Entry of Restitution and Cancellation of Land Contract." The court found, pursuant to Ohio Revised Code Sections 5313.07 et al., that the buyers had paid a sum of less than 20% toward the purchase price of the real property and that the land installment contract had been in effect for less than five years. The court granted restitution of the College Way premises to Anna and cancelled the land installment contract. In a separate entry, the court scheduled a damages hearing for March 6, 2019.

{¶ 8} Anna filed multiple exhibits at the damages hearing.[1] Exhibit D was a list of alleged damages totaling $7,079.49, as follows: 1) delinquent land installment contract payments and late fees ($4,663.31); 2) clean-out expense to Castle Hauling ($525); 3) cost of new banister railing which was damaged/torn from wall ($117.93); 4) labor to

---

[1] Anna initially requested a transcript of the hearing, but withdrew its request for the preparation of a transcript on the ground that it was not appealing the trial court's findings regarding the amount of damages that Anna established. Consequently, the record does not include a transcript of the damages hearing.

install new railing ($160); and 5) carpet replacement to Fazio Color Shop ($1,613.25). Anna also submitted a receipt from Castle Hauling in the amount of $525 (Exhibit E), a receipt from Menards for fencing material in the amount of $117.93 (Exhibit F), a receipt from Fazio Color Shop for carpet in the amount of $1,613.25 (Exhibit G), and a "Move Out Report" showing a statement of the buyers' account, reflecting a balance due of $4,663.31 (Exhibit H).

{¶ 9} On the same date as the hearing (March 6, 2019), the trial court entered a judgment entry, finding that "Plaintiff established that there was rent/land contract payments owed in the sum of $4,663.31," that Anna established damages of $525 for trash hauling, and that Anna retained an "upfront payment on land contract" of $7,495. The court concluded: "[A]fter consideration of the forfeited amount in land contract and no countersuit of defendants, plaintiff retains more than shown as damages[;] no judgment is granted to the Plaintiff."   Anna sought reconsideration, which the trial court denied.

{¶ 10} In its sole assignment of error, Anna claims that "the decision of the trial court to off-set seller's proven damages under a land installment contract by the amount of the Buyer's down payment is contrary to law and against the manifest weight of the evidence presented at trial."

{¶ 11} R.C. Chapter 5313 governs land installment contracts for residential dwellings.  In a land installment contract, the "vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation."   R.C. 5313.01(A).   The parties do not dispute that they entered

into a land installment contract.

{¶ 12} We, and other Ohio appellate courts, have described R.C. Chapter 5313 as "essentially a 'consumer protection law.' " (Citations omitted.) *Kossoudji v. Stamps*, 2016-Ohio-7693, 65 N.E.3d 815, ¶ 42 (2d Dist.). The statute is "intended to prevent a 'windfall to a vendor who has previously collected substantial sums under a land contract and/or has actually recovered the property.' " *Howard v. Temple*, 172 Ohio App.3d 21, 2007-Ohio-3074, 872 N.E.2d 1260, ¶ 9 (4th Dist.), quoting *Farkas v. Bernard*, 10th Dist. Franklin App. No. 95APE10-1365, 1996 WL 257455, *4 (May 16, 1996).

{¶ 13} When the land installment contract has been in effect for less than five years, as was the case here, the vendor "may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property under Chapter 1923. of the Revised Code. * * * The court may also grant any other claim arising out of the contract." R.C. 5313.08. Upon pursuing an action under R.C. 5313.08, the vendor's remedy is limited by R.C. 5313.10, which provides:

> The election of the vendor to terminate the land installment contract by an action under section 5313.07[2] or 5313.08 of the Revised Code is an exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such

[2] R.C. 5313.07 provides: "If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first installment payments or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the property as provided in section 2323.07 of the Revised Code. * * *."

case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount for the deterioration or destruction of the property occasioned by the vendee's use.

R.C. 5313.10 thus "limits recovery to an 'award for property damage and for the balance of the fair rental value for the holdover period * * *.' " *Voska v. Coffman,* 6th Dist. Sandusky No. S-13-008, 2013-Ohio-5474, ¶ 11, quoting *Goodrich v. Sickelbaugh*, 6th Dist. Lucas No. L-85-194, 1986 WL 3447, *2 (Mar. 21, 1986).

{¶ 14} As noted by the Sixth District:

The fair rental value is the amount a willing landlord rents the property for and what a reasonable tenant is willing to pay. The installment amount set forth in a land contract is evidence of its fair rental value. *Sanders v. Crawford*, 5th Dist. Stark No. 2006CA 00194, 2007-Ohio-2326, ¶ 33. * * * Fair rental value may also include unpaid taxes, insurance, and water charges. *Frey v. Hibbard*, 62 Ohio App.3d 781, 785, 577 N.E.2d 669 (1st Dist.1989).

*Voska* at ¶ 13.

{¶ 15} On appeal, Anna argues that the buyers' monthly installment payment of $756.06[3] "was the fair rental value of the property. It acknowledges that where the purchaser defaults on the contract, the court may not award a deficiency judgment, but argues that the court may consider the amounts due under the contract as evidence of

---

[3] As noted above, the complaint and the contract provided that the monthly amount due was $751.06.

the fair rental value of the property. Anna emphasizes that the trial court determined that Anna had established that it was owed monthly payments totaling $4,663.31 and damages for hauling trash in the amount of $525. Anna thus claims that the trial court acted contrary to R.C. 5313.10 when it found that Anna had established damages, but then unilaterally off-set that amount by the amount of the buyers' down payment.

{¶ 16} With the record before us, we find no error in the trial court's judgment. The contract between the parties provided that all payments made would be retained by Anna, the seller, as liquidated damages for the use and occupancy of the premises. Liquidated damages are defined as an "amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches." Black's Law Dictionary (7 Ed.1999) 395, quoted by, *e.g.*, *Whittle v. Davis,* 12th Dist. Butler No. CA2012-08-169, 2013-Ohio-1950, ¶ 15; *L.S. Industries v. Coe,* 9th Dist. Summit No. 22603, 2005-Ohio-6736, ¶ 22. In this case, Anna, the seller, only had to prove that buyer defaulted and that the contract contained a liquidated damage provision.

{¶ 17} Anna's Exhibit C established that the buyers made an initial down payment of $7,495 and were charged $604.66 monthly for principal and interest. Exhibit H showed the various charges and credits to the buyers' account, including charges for property taxes, insurance, and late payments. Under the default provision of the land installment contract, Anna was entitled to retain the $7,495 down payment, plus all additional payments made between April 30, 2016 and July 31, 2018, when the buyers made their last payment.

{¶ 18} R.C. 5313.10 allowed Anna to seek forfeiture of the buyers' rights in the land installment contract and to obtain restitution and, if the amount paid by the buyers

was less than the fair rental value of the property, to recover the difference between the amount paid and the fair rental value. Anna established, and the trial court found, that the unpaid "rent/land contract payments" totaled $4,663.31. Stated differently, the trial court found that the installment payments charged to the buyers constituted the fair rental value of the property, and the unpaid balance of that fair rental value was $4,663.31. There is nothing in the record to suggest that the fair rental value exceeded the amount charged as installment payments, and in the absence of a transcript of the damages hearing, we presume that the evidence supported the trial court's findings. *See Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 34.

{¶ 19} The court further found that the buyers had paid a down payment of $7,495, which was in excess of the fair rental value. Since the amount paid by the buyers as a down payment ($7,495) was not less than the fair rental value ($4,663.31), R.C. 5313.10 did not permit Anna, the seller, to recover anything more than it already retained.

{¶ 20} Anna's assignment of error is overruled.

{¶ 21} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies sent to:

Zachary M. Harvey
Emily McClanahan
Tracy McCain, Jr.
Hon. Gil S. Weithman